RECORD NO. 12-4335

In The

# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## ISHMAEL AVIVE SANTIAGO,

*Defendant – Appellant*.

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA AT RALEIGH

———————————

### BRIEF OF APPELLANT

———————————

**Leza L. Driscoll**
ATTORNEY AT LAW
**5 West Hargett Street, Suite 807**
**Raleigh, North Carolina  27601**
**(919) 833-4457**

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

STATEMENT OF JURISDICTION........................................................1

ISSUE PRESENTED FOR REVIEW ....................................................2

NATURE OF BRIEF ..............................................................................3

STATEMENT OF THE CASE.................................................................4

STATEMENT OF THE FACTS ............................................................6

SUMMARY OF ARGUMENT ...............................................................7

ARGUMENT ..........................................................................................8

      A.     STANDARD OF REVIEW ................................................8

CONCLUSION .....................................................................................10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASE**

*Anders v. California*,
    386 U.S. 738 (1967)..................................................................3

*United States v. Daughtrey*,
    874 F.2d 213 (4th Cir. 1989) ............................................9

*United States v. Jones*,
    31 F.3d 1304 (4th Cir. 1994) ............................................9

*United States v. Nale*,
    101 F.3d 1000 (4th Cir. 1996) ..........................................8

*United States v. Osborne*,
    514 F.3d 377 (4th Cir. 2008) ............................................8

**STATUTES**

18 U.S.C. § 2 ....................................................................1, 4

18 U.S.C. § 922(g)(5)..........................................................1

18 U.S.C. § 922(j) ...............................................................1

18 U.S.C. § 924 ..................................................................1

18 U.S.C. § 924(c) ..........................................................1, 4

18 U.S.C. § 1951 ................................................................4

18 U.S.C. § 2113(a) ............................................................1

18 U.S.C. § 2113(d) ............................................................1

18 U.S.C. § 2119................................................................4

18 U.S.C. § 3742(a) ...................................................................................1

28 U.S.C. § 1291 .......................................................................................1

**GUIDELINE**

U.S.S.G. § 2B3.1(b)(4)(A).................................................................2, 7, 8

## STATEMENT OF JURISDICTION

The district court had jurisdiction by virtue of 18 U.S.C. §§ 2113(a), 2113(d), and 2, 18 U.S.C. §§ 922(j), 924, and 2, 18 U.S.C. §§ 922(g)(5) and 924, 18 U.S.C. § 924(c).  This Court has jurisdiction by virtue of 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  Appellant filed his notice of appeal on May 2, 2012.

## ISSUE PRESENTED FOR REVIEW

Whether the District Court erred when it improperly enhanced the

Appellant's sentence by 4 levels for abduction under United States Sentencing

Guidelines § 2B3.1(b)(4)(A).

## NATURE OF BRIEF

This brief is submitted to the Court pursuant to the holding of *Anders v. California*, 386 U.S. 738 (1967). Counsel for the appellant has carefully reviewed the record and has concluded that there are no meritorious grounds for appeal. Counsel has set forth below the only argument, which they perceive presents an arguable basis for relief.

## STATEMENT OF THE CASE

On September 28, 2011, a grand jury sitting in the Eastern District of North Carolina indicted the Appellant, Ishmael Avive Santiago and Rhaim Mosies Santiago, in a five-count indictment on charges related to armed robbery.  More specifically, the Appellant, Ishmael Avive Santiago, and Rhaim Mosies Santiago were charged under count one with conspiracy to commit an armed robbery a violation of 18 U.S.C. § 1951.  Count two charged the defendants aiding and abetting an armed robbery a violation of 18 U.S.C. § 1951.  Count three charged the defendants with possession of a firearm during a robbery, a violation of 18 U.S.C. §§ 924(c) and 2.  Count four charged defendant, Rhaim Mosis Santiago, with carjacking, a violation of 18 U.S.C. § 2119.  Count five charged the defendants with possession of a firearm in furtherance of a crime of violence a violation of 18 U.S.C. § 924(c).  (D.E. 37)

On December 1, 2011, the Appellant pled guilty to counts 1 and 3 of the indictment.  His plea was entered into pursuant to a plea agreement.  (D.E. 56)

The district court sentenced Appellant on April 25, 2012.  (D.E. 78)  The Appellant received a sentence of imprisonment of 51 months on Count 1 and 84 months on Count three consecutive to Count 1.  The Court ordered 5 years of supervised release a $200.00 special assessment and joint and several restitution in

4

the amount of $463.15.  (D.E. 82)  Mr. Santiago timely gave notice of appeal on

May 2, 2012.  (D.E. 80)

## STATEMENT OF THE FACTS

On July 28, 2011 Appellant followed his cousin and co-defendant, Rhaim Mosies Santiago, into a Walgreens in Clayton, North Carolina. Rhaim was caring an SKS assault rifle and both men were wearing bandanas over the parts of his face. The cashier was in the front of the "store area" a few steps away from the cash register. Rhaim ordered the cashier to the register while Appellant silently stood next to Rhaim. Rhaim then struck the cashier with the rifle demanding she move more quickly. The clerk opened the register and Rhaim reached over the counter and took away the register drawer tray. Both men immediately left the store. The entire robbery occurred in less than 30 seconds, from the moment the defendants entered the Walgreens to the moment they exited the Walgreens. (D.E. 75) (4/25/2012 Transcript of Sentencing, Pg. 5-7)

The cashier was not brought to a second location within the store. She was in the front of the store area and remained in that location throughout the robbery. Further, both the Appellant and Co-Defendant demanded the cashier open the cash register, while standing behind the counter in the customer area of the store. To comply with the robbers demand, the cashier did not accompany the Appellant or the co-defendant to any other area of the store. (D.E. 75) (4/25/2012 Transcript of Sentencing, Pg. 5-7)

## SUMMARY OF ARGUMENT

The District Court erred when it improperly enhanced the Appellant's sentence by 4 levels for abduction under United States Sentencing Guidelines § 2B3.1(b)(4)(A).

## ARGUMENT

The District Court improperly applied a 4 level enhancement of the Appellant's sentence for abduction under United States Sentencing Guidelines § 2B3.1(b)(4)(A). The Fourth Circuit has specifically rejected the notion that any movement of a robbery victim at a robber's direction constitutes abduction, *U.S. v. Osborne*, 514 F.3d 377 (4th Cir. 2008). In fact, the *Osborne* Court specifically held that forcing the movement of a bank teller from the customer service area to the vault - if the robber did not accompany her there - could not be assigned the abduction enhancement for forcing the movement of the teller. An offender "must force the victim to accompany him to a different location." *Id.* at 391.

In the instant offense, the cashier did not accompany the Appellant thru a secured door to open the register. Neither the Appellant nor his codefendant jumped over the front counter and entered the "employees only" section of the store to accompany the cashier from one location to a second location. In sum, the cashier was neither brought to a second location within the Walgreens nor did she accompany the Appellant or his co-defendant to a different area.

### A.    STANDARD OF REVIEW

"In reviewing a trial court's determination regarding the Sentencing Guidelines the appellate court must give deference to the district court's decision." *United States v. Nale*, 101 F.3d 1000 (4th Cir. 1996). If a court reviews a factual

determination, the court should only overturn the trial court's determination if the decision is clearly erroneous. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). If the issue turns primarily on the legal interpretation of the guidelines, a court's review is *de novo*. *United States v. Jones*, 31 F.3d 1304, 1315 (4th Cir. 1994). If the question mixes law and fact regarding the Sentencing Guidelines, court's apply a due deference standard in reviewing the district court. *Daughtrey*, 874 F.2d at 217.

Although the Defendant did sign a plea agreement with an appeal waiver included. The district court clearly erred when it applied a 4-point enhancement for the Defendant.

## CONCLUSION

For the foregoing reasons, the Appellant respectfully request that his case be remanded for resentencing.

Respectfully submitted this 8th day of August, 2012.

/s/ Leza Lee Driscoll
Attorney for Defendant
N.C. State Bar No. 20426
5 West Hargett Street
Suite 807
Raleigh, NC 27601
Telephone: 919-833-4457
Facsimile:  919-833-4474
E-Mail:     lezadriscoll@yahoo.com

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
      28.1(e)(2) or 32(a)(7)(B) because:

      [ X ] this brief contains [*1,048*] words, excluding the parts of the brief
      exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

      [    ] this brief uses a monospaced typeface and contains [*state the number
      of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P.
      32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
      32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

      [ X ] this brief has been prepared in a proportionally spaced typeface using
      [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

      [    ] this brief has been prepared in a monospaced typeface using [*state
      name and version of word processing program*] with [*state number of
      characters per inch and name of type style*].


Dated: August 8, 2012               /s/ Leza Lee Driscoll
                                    *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 8th day of August, 2012, I caused this Brief of

Appellant to be filed electronically with the Clerk of the Court using the CM/ECF

System, which will send notice of such filing to the following registered CM/ECF

users:

> Jennifer P. May-Parker
> OFFICE OF THE U.S. ATTORNEY
> 310 New Bern Avenue, Suite 800
> Federal Building
> Raleigh, North Carolina  27601
> (919) 856-4530
>
> *Counsel for Appellee*

I also certify that on this 8th day of August, 2012, I caused the required

copies of the Brief of Appellant to be hand filed with the Clerk of the Court.

I further certify that I caused a copy of the Brief of Appellant to be served,

via U.S. Mail, postage prepaid, upon:

> Ishmael A. Santiago
> Reg. No. 55679-056
> Williamsburg FCI
> Federal Correctional Institution
> Post Office Box 340
> Salters, South Carolina  29590
>
> *Appellant*

> /s/ Leza Lee Driscoll
> *Counsel for Appellant*